THE STATE OF NEVADA, EX REL. PUBLIC SERVICE COMMISSION OF NEVADA, NOEL A. CLARK, CHAIRMAN, EVO A. GRANATA AND HEBER P. HARDY, AS MEMBERS OF THE COMMISSION, PETITIONERS, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR CARSON CITY, NEVADA, THE HONORABLE STANLEY A. SMART, JUDGE THEREOF, AND SOUTHWEST GAS CORPORATION, A CALIFORNIA CORPORATION, RESPONDENTS.

No. 9706

anuary 26, 1978                                         574 P.2d 272

---

[3]The Governor designated the Honorable Howard W. Babcock, Judge of the Eighth Judicial District, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice, who was disabled. Nev. Const. art. 6, § 4.

*Robert List,* Attorney General, and *George M. Keele,* Deputy Attorney General, Carson City, for Petitioners.

*Guild, Hagen, and Clark, Ltd.,* and *Thomas J. Hall,* Reno, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

In early 1975, petitioner Public Service Commission of Nevada (hereinafter referred to as "Commission"), a State agency, issued its opinion and order denying an application by respondent Southwest Gas Corporation (hereinafter referred to as "Southwest") to increase rates to its customers to recover through a proposed surcharge approximately $109,188.00 in revenues lost when a supplier of gas to Southwest raised its price. In late 1975 Southwest commenced an action in the district court seeking judicial review of the Commission's order. Respondent judge in December of 1976 entered an order directing the Commission to grant the application for surcharge. On January 27, 1977, the Commission timely filed its notice of appeal from the district court's order and judgments. That appeal is docketed to be heard in this Court at a subsequent date.

The facts relating to the instant matter concern events which transpired after the Commission had filed its notice of appeal. The Commission did not seek a stay of the trial court's order pending review by this Court. Respondent Southwest attempted to induce compliance with the court order by involving a contempt of court sanction against the several petitioners. Following a show cause hearing, the trial court issued its order finding petitioner Commission and its individual members in contempt. A supplemental order subsequently issued requiring petitioners to advise the trial court by a certain date what actions it had taken to implement the court's previous order to grant the surcharge application or, alternatively, to be punished for contempt.

Petitioners then filed the petition for prohibition currently before this Court to prohibit the trial court from imposing contempt of court sanctions. This Court temporarily stayed the

lower court's order pending a determination pertaining to this preliminary question.

The case essentially involves statutory interpretation. The thrust of petitioners' argument focuses principally on the language of Nevada Rules of Civil Procedure, Rule 62(d) and 62(e), as read in conjunction with Nevada Rules of Appellate Procedure, Rule 8(a).[1]

In the ordinary course of civil appeals, an appellant must comply with Rule 8(a) which provides that an application for stay of a judgment or order must typically be made to the district court. This application, as well, must concurrently comply with Rule 62(d) requiring a supersedeas bond.

> When an appeal is taken the appellant by giving a supersedeas bond *may* obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed. (Emphasis added.)

When the State of Nevada or its agency appeals a civil judgment, however, the requirement of a supersedeas bond no longer obtains. Rule 62(e) reads, in part:

> When an appeal is taken by the State . . . *and* the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant. (Emphasis added.)

A review of the several analogous sections of the Nevada Rules of Civil Procedure evidences their consistency with our ultimate conclusion that the sufficiency and amount of the supersedeas bond are secondary and a distinctly separate consideration from the issue of entitlement to the stay. For example, relevant sections of the Rules provide as follows:

> NRCP 62(a): Execution . . . to enforce a judgment may issue . . . *unless* the court in its discretion *and* on such conditions for the security of the adverse party as are proper, otherwise directs. (Emphasis added.)

---

[1]NRAP 8(a) provides in part as follows: "Application for a stay of the judgment or *order* of a district court pending appeal, or for approval of a supersedeas bond . . . *must ordinarily be made in the first instance in the district court.* A motion for such relief may be made to the Supreme Court or to a justice thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action. . . ." (Emphasis added.)

We believe it is sound policy for the district court to first consider applications for stays, particularly given the time restraints typically associated with such applications. NRAP 8(a).

NRCP 62(b): In its discretion *and* on such conditions for the security of the adverse party as are proper, the court *may* stay the execution of . . . a judgment pending the disposition of a motion. . . . (Emphasis added.)

NRCP 62(c): When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion *may* suspend, modify, restore, or grant an injunction during the pendency of the appeal *upon such terms* as to bond . . . as it considers proper for the security of the rights of the adverse party. (Emphasis added.)

Although the conjunctive "and" in Rule 62(e) requires a separate application for a stay of judgment, petitioners ask us to interpret the language as being superfluous. Respondents request a literal reading.

Petitioners contend that notwithstanding the use of the permissive "may" in Rule 62(d) the federal courts have held, subject to satisfactory procedural compliance with the supersedeas bond requirement, the taking of an appeal entitles the appellant to a stay of judgment as a matter of right. Ivor B. Clark Co. v. Hogan, 296 F.Supp. 407 (S.D. N.Y. 1969); American Manuf. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc., 87 S.Ct. 1 (1966). Petitioners further contend that the discretion of the trial judge is limited solely to determining whether the conditions of the bond conform to the statutory language. They suggest that the Court "may" approve or disapprove of a tendered bond, but once approved, the trial court has no further discretion and a stay of judgment is automatically invoked. *See,* In re Federal Facilities Realty Trust, 227 F.2d 651 (7th Cir. 1955). We are not persuaded by this reasoning.

In the instant case, if the premise is adopted that the permissive "may" in NRCP, Rule 62(d), as contended by petitioners, limits the trial court's discretion only to determining the adequacy of the supersedeas bond, and if upon adequacy of the bond, a non-governmental appellant is entitled to a stay of judgment as a matter of right, then it might logically follow that the State of Nevada or its agency, not required to post a bond, is entitled to a stay of judgment upon the mere filing of the notice of appeal. Not only here would such a result torture our prevailing rules of court, but such a determination would render the language meaningless and would do untold mischief to the effective administration of justice. We find the language in our Rules to be plain and unambiguous, with no need for

construction. *Compare,* Schoonover v. Caudill, 337 P.2d 402 (N.M. 1959); In re Walters' Estate, 60 Nev. 172, 104 P.2d 968 (1940). We accordingly interpret the "may" in Rule 62(d) to be permissive and not mandatory and construe the conjunctive "and" contained in Rule 62(e) to require a separate and distinct application for a stay.

The petition for a writ of prohibition is denied.

BATJER, C. J., and MOWBRAY and GUNDERSON, JJ., and GOLDMAN, D. J.,[2] concur.