**130 Nev., Advance Opinion 33**

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES DORNBACH; AND JAKE HUBER,
Petitioners,
vs.
THE TENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CHURCHILL; AND THE HONORABLE THOMAS L. STOCKARD, DISTRICT JUDGE,
Respondents,
 and
FRANCIS A. ELLINGWOOD, TRUSTEE OF THE FRANCIS A. ELLINGWOOD TRUST; PAUL THOMAS BRUNELLE AND SUSAN GAYLENE BRUNELLE, TRUSTEES OF THE BRUNELLE FAMILY TRUST; EDELTRAUT RUPPEL, SUCCESSOR TRUSTEE OF THE RUPPEL FAMILY TRUST; STUART V. DAWSON, TRUSTEE OF THE STUART V. DAWSON REVOCABLE TRUST; JURGE SCHLICKER; MICHAEL J. SOUTHARD, SUCCESSOR TRUSTEE OF THE JEAN PIERRE IRISSARY 2005 RESTATEMENT OF THE 1993 REVOCABLE TRUST; AND JOSEPH LOUDEN AND LINDA LOUDEN, HUSBAND AND WIFE,
Real Parties in Interest.

No. 62771

FILED

MAY 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a complaint under NRCP 16.1(e).

*Petition denied.*

Robison, Belaustegui, Sharp & Low and Mark G. Simons, Reno,
for Petitioners.

Jeffrey K. Rahbeck, Zephyr Cove,
for Real Parties in Interest.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, PARRAGUIRRE, J.:

NRCP 16.1(b) directs plaintiffs in civil cases to meet and confer with defendants concerning how to best manage the litigation and discovery. Thereafter, a report on the case conference must be filed. NRCP 16.1(c). When a plaintiff fails to meet the deadlines for complying with these provisions, a district court may dismiss the complaint without prejudice under NRCP 16.1(e).

In this original writ proceeding, we discuss the extent to which a district court has discretion to deny an NRCP 16.1(e) motion to dismiss and to order the parties to meet and confer beyond the rule's deadlines. We conclude that a district court may consider its own internal delays when deciding an NRCP 16.1(e) motion to dismiss, and that, here, the district court properly exercised its discretion by extending the deadlines of NRCP 16.1 after finding that compelling and extraordinary circumstances warranted the extension. Accordingly, we deny the petition for a writ of mandamus.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2011, real party in interest Francis A. Ellingwood, as trustee for the Francis A. Ellingwood Trust, and other

SUPREME COURT
OF
NEVADA

(O) 1947A

2

plaintiffs (collectively, Ellingwood) filed a complaint for a deficiency judgment against petitioners Charles Dornbach and Jake Huber (collectively, Dornbach) in the Churchill County district court. On February 27, 2012, Dornbach filed a motion to dismiss for failure to state a claim pursuant to NRCP 12(b)(5). Due to the death of Churchill County's only sitting district judge and related delays in the district court, the hearing on the NRCP 12(b)(5) motion did not occur until January 7, 2013, and the motion was eventually denied. While the motion remained pending, Dornbach did not file an answer to Ellingwood's complaint.

On December 6, 2012, 284 days after Dornbach filed the NRCP 12(b)(5) motion, Dornbach filed a motion to dismiss the case without prejudice due to Ellingwood's failure to comply with NRCP 16.1(e), which allows a district court to dismiss a case if the plaintiff fails to hold an early case conference and file the case conference report within set deadlines. The district court implicitly recognized that Ellingwood failed to comply with the rule but denied Dornbach's motion, explaining that the death of the district judge and the significant resulting delays constituted compelling and extraordinary circumstances that justified extending the NRCP 16.1 deadlines. Dornbach then sought a writ of mandamus from this court to compel the district court to dismiss the case.

## DISCUSSION

In this petition, Dornbach argues that the district court improperly denied the NRCP 16.1 motion to dismiss and ordered the parties to meet and confer after the NRCP 16.1 deadlines expired.

*Whether to consider the petition for a writ of mandamus*

We have discretion to consider a petition for a writ of mandamus. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008). "A writ of mandamus is

available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station[,] or to control an arbitrary or capricious exercise of discretion." *Id.* at 197, 179 P.3d at 558. A writ is not available, however, "when an adequate and speedy legal remedy exists." *Id.* Generally, we "decline to consider writ petitions that challenge interlocutory district court orders denying motions to dismiss" because an appeal from a final judgment is an adequate legal remedy. *Id.* Nevertheless, we may consider such petitions if "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *Id.* at 197, 179 P.3d at 559.

Because NRCP 16.1 is relevant in nearly all civil cases, its construction and application involve important legal issues in need of clarification. *See id.* at 198, 179 P.3d at 559. Moreover, although we ultimately determine that writ relief is not warranted, our consideration of this petition promotes judicial economy and administration because questions concerning the early case conference necessarily arise early in the proceedings, affect the remainder of the case, and cannot be adequately addressed on appeal after a case has proceeded through the full extent of litigation. Therefore, we will consider the petition.

*The meaning of "appearance" in NRCP 16.1(e)*

NRCP 16.1(b)(1) requires a plaintiff to hold an early case conference, where the parties must "confer and consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement." NRCP 16.1(c) requires the parties to file a report regarding the conference with the district court. In order "to promote the prosecution of litigation within adequate timelines," *Arnold v. Kip*, 123 Nev. 410, 415, 168 P.3d 1050, 1053 (2007), deadlines are given for both the

early case conference and the report. NRCP 16.1(b)(1) provides that the early case conference must be held within 30 days after the defendant files an answer to the complaint, and this deadline may be extended no later than 180 days from when the defendant's appearance is served, unless compelling and extraordinary circumstances justify an extension. The case conference report must be filed within 30 days after the conference. NRCP 16.1(c). NRCP 16.1(e) provides, in relevant part, that the district court may dismiss a case if these deadlines, with any extensions, are not followed:

> (1) If the conference . . . is not held within 180 days after an *appearance* by a defendant, the case *may* be dismissed as to that defendant upon motion or on the court's own initiative, without prejudice, unless there are compelling and extraordinary circumstances for a continuance beyond this period.

> (2) If the plaintiff does not file a case conference report within 240 days after an *appearance* by a defendant, the case *may* be dismissed as to that defendant upon motion or on the court's own initiative, without prejudice.

(Emphases added.)

While Dornbach and Ellingwood agree that NRCP 16.1(e)'s deadlines began running when Dornbach made his first "appearance" in district court, they disagree as to when this appearance occurred. Dornbach argues that he first appeared by filing the NRCP 12(b)(5) motion to dismiss and that NRCP 16.1(e)'s deadlines ran from this date. Ellingwood argues that a defendant does not appear for purposes of NRCP 16.1(e) until filing an answer to the complaint. According to Ellingwood, because Dornbach had not yet answered Ellingwood's complaint when Dornbach filed the NRCP 16.1(e) motion to dismiss, the rule's deadlines

SUPREME COURT
OF
NEVADA

(O) 1947A

5

had not expired, and the district court therefore properly denied Dornbach's motion.

Ellingwood points to NRCP 16.1(b)(1)'s requirement that the early case conference be held "within 30 days after filing of an *answer* by the first answering defendant." (Emphasis added.) Because NRCP 16.1(b)(1) uses the word "answer" while NRCP 16.1(e) uses the word "appearance," Ellingwood argues that the rule is ambiguous and this court should interpret "appearance" in NRCP 16.1(e) as being synonymous with "answer." We find this argument unpersuasive.

"A district court's interpretation of court rules is reviewed de novo." *Moon v. McDonald, Carano & Wilson, L.L.P.*, 126 Nev. ___, ___, 245 P.3d 1138, 1139 (2010). "[T]he rules of statutory interpretation apply to Nevada's Rules of Civil Procedure." *Webb ex rel. Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009). Unambiguous language in a rule "is given 'its ordinary meaning unless it is clear that this meaning was not intended.'" *State, Dep't of Taxation v. Am. Home Shield of Nev., Inc.*, 127 Nev. ___, ___, 254 P.3d 601, 603 (2011) (quoting *State, Dep't of Taxation v. DaimlerChrysler Servs. N. Am., L.L.C.*, 121 Nev. 541, 543, 119 P.3d 135, 136 (2005)).

An "appearance" is "[a] coming into court as a party or interested person, . . . esp[ecially] a defendant's act of taking part in a lawsuit . . . by an answer, demurrer, *or motion*." *Black's Law Dictionary* 113 (9th ed. 2009) (emphasis added). In contrast, an "answer" is "[a] defendant's first pleading that addresses the merits of the case." *Id.* at 107. Because "appearance" and "answer" have different, well-settled definitions, we conclude that the time periods set forth in NRCP 16.1(e)

SUPREME COURT
OF
NEVADA

(O) 1947A

6

unambiguously begin to run when a defendant appears, regardless of whether that appearance is by motion or answer.

It is undisputed that Dornbach filed the NRCP 12(b)(5) motion more than 240 days before filing the NRCP 16.1(e) motion. Filing the NRCP 12(b)(5) motion constituted Dornbach's appearance, and because the NRCP 16.1(e) time periods begin to run when a defendant appears, the NRCP 16.1(e) deadlines expired before Dornbach filed the NRCP 16.1(e) motion to dismiss.

*The district court did not arbitrarily or capriciously exercise its discretion by denying Dornbach's motion to dismiss*

NRCP 16.1(e)(1) and (2) provide that a "case *may* be dismissed" if a plaintiff fails to comply with the rule's deadlines. (Emphasis added.) Based on this permissive language, this court has repeatedly recognized a district court's discretion to dismiss a case under NRCP 16.1(e). For example, in *Arnold v. Kip*, we upheld a district court's order of dismissal, explaining that "[t]he decision to dismiss an action without prejudice for a plaintiff's failure to comply with the timing requirements of NRCP 16.1(e)(2) remains *within the district court's discretion.*" 123 Nev. at 415, 168 P.3d at 1053 (emphasis added). In evaluating an NRCP 16.1(e)(2) dismissal in *Moon v. McDonald, Carano & Wilson, L.L.P.*, we again noted that "the district court exercised its *discretion* to dismiss [the plaintiffs'] case." 126 Nev. at ___, 245 P.3d at 1140 (emphasis added).

Nevertheless, Dornbach argues that the district court's reasoning was arbitrary and capricious because a district court's internal delays are not among the relevant factors for deciding an NRCP 16.1(e) motion to dismiss. When exercising its discretion under NRCP 16.1(e), a district court should consider factors such as "the length of the delay,

whether the defendant ... caused the delay, whether the delay has otherwise impeded the timely prosecution of the case, general considerations of case management ..., or whether the plaintiff has provided good cause for the delay." *Arnold*, 123 Nev. at 415-16, 168 P.3d at 1053. This list of factors is "nonexhaustive," *id.*, and we have recognized, "as a proper guide to the exercise of discretion, the basic underlying policy to have each case decided upon its merits." *Hotel Last Frontier Corp. v. Frontier Props., Inc.*, 79 Nev. 150, 155, 380 P.2d 293, 295 (1963). Further, although the NRCP 16.1(e) deadlines unambiguously begin to run upon a defendant's appearance, we have stated that it may be "fruitless" to hold a case conference before a defendant has filed an answer to the complaint simply for the purpose of complying with NRCP 16.1. *Dougan v. Gustaveson*, 108 Nev. 517, 522, 835 P.2d 795, 799 (1992), *abrogated on other grounds by Arnold*, 123 Nev. at 415, 168 P.3d at 1053.

Here, Dornbach's NRCP 12(b)(5) motion to dismiss remained pending for several months due to the district court's own delays, and while this motion was pending, Dornbach did *not* file an answer to the complaint. Although Ellingwood had a duty to hold the early case conference and file the case conference report even without Dornbach having answered the complaint, doing so may have been fruitless. *See Dougan*, 108 Nev. at 522, 835 P.2d at 799. In addition, the district court's internal delays are relevant to "general considerations of case management." *See Arnold*, 123 Nev. at 416, 168 P.3d at 1053. Therefore, we conclude that the district court's consideration of its internal delays and their effects on the progression of the case was not improper, and thus, the district court did not arbitrarily or capriciously exercise its discretion by denying Dornbach's motion to dismiss.

*The district court did not arbitrarily or capriciously exercise its discretion by ordering the parties to comply with NRCP 16.1 after the deadlines expired*

Dornbach also argues that the district court improperly ordered the parties to comply with NRCP 16.1 after the deadlines expired. NRCP 16.1(b)(1) provides in relevant part: "Absent compelling and extraordinary circumstances, neither the court nor the parties may extend the time [for holding the conference] to a day more than 180 days after an appearance is served by the defendant in question."

We have recognized "the inherent power of the judiciary to economically and fairly manage litigation." *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1029, 102 P.3d 600, 606 (2004). Adherence to deadlines promotes the efficient prosecution of cases, *Arnold*, 123 Nev. at 415, 168 P.3d at 1053, but so does allowing district courts to manage the cases before them. *See Borger*, 120 Nev. at 1029, 102 P.3d at 606.

Here, the district court explicitly found that the death of the district judge and the resulting delays were extraordinary circumstances that justified an extension of the deadline for the conference. But Dornbach argues that the district court's own delays could not justify an extension because they did not impact Ellingwood's ability to hold the conference.

Even though NRCP 16.1(b)(1) generally precludes a district court from extending the deadline for the NRCP 16.1 conference, a district court also has inherent authority to manage a case, including the authority to order parties to meet and confer. *See Borger*, 120 Nev. at 1029, 102 P.3d at 606. Moreover, a district court has the express authority to extend the deadline for the conference where warranted by compelling and extraordinary circumstances. NRCP 16.1(b)(1). NRCP

9

16.1(b)(1) does not explicitly state that these compelling and extraordinary circumstances cannot arise from within the district court itself, and we decline to determine that the rule implicitly creates such a limitation. *See Webb*, 125 Nev. at 618, 218 P.3d at 1244 (stating that "the rules of statutory interpretation apply to Nevada's Rules of Civil Procedure"). Therefore, a district court's consideration of its own internal delays may, in certain circumstances, be relevant to determining whether compelling and extraordinary circumstances justify an extension under NRCP 16.1(b)(1).

In this case, we conclude that the district court did not arbitrarily or capriciously exercise its discretion by finding that the judge's death and the substantial resulting delays constituted compelling and extraordinary circumstances. Indeed, the record shows that Dornbach's NRCP 12(b)(5) motion to dismiss was pending for approximately 11 months because of these delays. It was entirely reasonable for Ellingwood to want a ruling on this motion prior to holding the conference in order to maximize the conference's utility. *Cf.* NRCP 16.1(b)(1) (requiring the parties to "consider the nature and basis of their claims and defenses" at the early case conference); *Dougan*, 108 Nev. at 522, 835 P.2d at 799 (recognizing that, in certain circumstances, it may be "fruitless" to hold a case conference simply for the purpose of complying with NRCP 16.1's deadlines). As a result, we conclude that the district court did not act arbitrarily or capriciously by extending the deadline for the NRCP 16.1 conference beyond 180 days.

## CONCLUSION

The deadlines set forth in NRCP 16.1(e) clearly begin to run upon a defendant's appearance, not the filing of an answer, and therefore these deadlines expired before Dornbach filed a motion to dismiss

Ellingwood's complaint pursuant to NRCP 16.1(e). But the district court explicitly found that compelling and extraordinary circumstances excused Ellingwood's delay and justified an extension of time to complete the conference and the report. As a result, we cannot conclude that the rule requires dismissal here, or that the district court acted arbitrarily and capriciously by denying Dornbach's motion to dismiss and ordering the parties to meet and confer. Accordingly, we deny the petition for a writ of mandamus.

_____, J.
Parraguirre

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta