PAUL ARNOLD AND ELIZABETH ARNOLD, APPELLANTS, v. PHELPS C. KIP, M.D., RESPONDENT.

No. 44357

October 11, 2007                                    168 P.3d 1050

Woodburn & Wedge and Nicholas F. Frey, Reno, for Appellants.

Lemons Grundy & Eisenberg and Alice G. Campos Mercado, Reno, for Respondent.

---

[36]We deny appellant's request to file a response to the amici curiae brief.

Before the Court EN BANC.

# OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider whether a defendant must demonstrate prejudice in a motion to dismiss an action under NRCP

16.1(e)(2) for the plaintiffs' failure to timely file a case conference report. Although *Dougan v. Gustaveson*[1] suggests that the defendant must demonstrate prejudice as a result of the delay, we now clarify that a defendant who moves for dismissal because a plaintiff has failed to timely file a case conference report under NRCP 16.1(e)(2) does not need to demonstrate prejudice and that the district court does not need to determine whether the defendant has suffered prejudice because of the delay. We further clarify our prior case law concerning whether arguments made in a motion for reconsideration may properly be considered on appeal from the final judgment, and we determine that these arguments are properly considered if the motion and order are part of the record on appeal. Because the district court in this case did not abuse its discretion in dismissing the action below, we affirm the district court's order dismissing appellants' action without prejudice.

## FACTS AND PROCEDURAL HISTORY

In July 2003, appellants Paul and Elizabeth Arnold filed an action for medical malpractice against respondent Phelps C. Kip, M.D. The Arnolds claimed that Dr. Kip had negligently performed surgery on Paul's spine nearly two years earlier. Dr. Kip was served with a summons and complaint on November 24, 2003, and he timely filed an answer denying liability. On February 5, 2004, the parties conducted an early case conference under NRCP 16.1(e)(1).

Trial was set to commence in April 2005. On August 6, 2004, however, Dr. Kip moved to dismiss the action without prejudice under NRCP 16.1(e)(2) because the Arnolds had failed to file a case conference report within 240 days of service of the summons and complaint, as required by NRCP 16.1(e)(2).[2] Since Dr. Kip was served with the summons and complaint on November 24, 2003, the NRCP 16.1(e)(2) deadline for the Arnolds to file their case conference report expired in late July 2004. In his motion, Dr. Kip argued that the Arnolds had offered no explanation for their failure to timely file their case conference report and had failed to facilitate discovery.

---

[1]108 Nev. 517, 835 P.2d 795 (1992), *abrogated in part on other grounds by Scrimer v. Dist. Ct.*, 116 Nev. 507, 998 P.2d 1190 (2000).

[2]At the time, NRCP 16.1(e)(2) provided that "[i]f the plaintiff does not file a case conference report within two hundred and forty (240) days after the service of summons and complaint upon a defendant, the case may be dismissed as to that defendant upon motion or on the court's own initiative, without prejudice."

NRCP 16.1(e)(2), which was amended in 2005, now requires the plaintiff to file a case conference report within 240 days after an appearance by the defendant.

In opposing Dr. Kip's motion, the Arnolds conceded that they had failed to timely file their case conference report but claimed that the failure was inadvertent and thereby insufficient to warrant dismissal. The Arnolds noted that, even though the report was not timely filed, they had orally made all disclosures required under NRCP 16.1(a) at the early case conference and Dr. Kip had not inquired about filing the case conference report before seeking dismissal. The Arnolds also noted that Dr. Kip received a copy of the case conference report on August 17, 2004, the same day that the Arnolds filed the report with the district court. The Arnolds contended that, given the totality of those circumstances, adjudication of their case should be on the merits.[3]

Nevertheless, the district court granted Dr. Kip's motion and dismissed the case without prejudice on September 30, 2004. The district court noted that in *Dougan v. Gustaveson*,[4] this court had concluded that dismissal for failure to comply with the discovery provisions of NRCP 16.1 was unduly harsh when the defendants had been granted an open extension to file their answers, which in turn directly delayed the start of discovery. The district court then found that, here, Dr. Kip had neither requested nor received an extension of time and thus had not delayed the initiation of discovery or the progress of the case. The district court also found that the Arnolds had failed to explain their delay in filing their case conference report. Finally, quoting *Dougan*,[5] the district court stated that lengthy delays, like that in this case, inhibit the " 'timely and efficient processing of cases,' " which NRCP 16.1(e)(2) is designed to promote. Based on these findings, the district court determined that, while courts generally seek to decide each case on the merits, the Arnolds' noncompliance with the "important" procedural requirements of NRCP 16.1(e)(2) justified dismissal. The Arnolds then moved for reconsideration, proffering a previously unasserted excuse for their failure to file the report and raising a new argument. The district court denied the motion. The Arnolds then appealed the district court's order dismissing their action.

## DISCUSSION

On appeal, the Arnolds argue that the district court abused its discretion and committed plain error by granting Dr. Kip's motion

---

[3]The Arnolds' current appellate counsel did not represent them in the district court. They retained appellate counsel and his law firm after the appeal was docketed in this court.

[4]108 Nev. 517, 522, 835 P.2d 795, 799 (1992), *abrogated in part on other grounds by Scrimer v. Dist. Ct.*, 116 Nev. 507, 998 P.2d 1190 (2000).

[5]*Dougan*, 108 Nev. at 523, 835 P.2d at 799.

to dismiss. In particular, the Arnolds contend that the district court abused its discretion by failing to consider whether Dr. Kip had been prejudiced by their delay in filing the case conference report. The Arnolds also argue that the district court applied an incorrect legal standard in assessing Dr. Kip's motion to dismiss and should have considered additional factors. We conclude that the Arnolds' assertions are without merit.

*Abuse of discretion*

This court has not explicitly articulated the standard under which we will review orders granting motions to dismiss under NRCP 16.1(e)(2). However, in evaluating sanctions imposed under NRCP 16(f) for pretrial conference noncompliance, we have indicated that those sanctions are within the district court's discretion.[6] NRCP 16.1(e)(2), like NRCP 16(f), provides that the district court "may" sanction noncompliance with the rule and therefore leaves the matter to the district court's discretion.[7] Accordingly, we review the district court's order granting a motion to dismiss under NRCP 16.1(e)(2) for an abuse of discretion.

Under the version of NRCP 16.1(e)(2) in place in 2004, the district court could dismiss an action without prejudice, upon its own initiative or upon motion by the defendant, if the plaintiff failed to timely file a case conference report within 240 days after serving a summons and complaint upon the defendant. Although the Arnolds concede that they failed to timely file their report, they argue that under *Dougan*,[8] dismissal of their claims was an overly harsh sanction for that failure.

In *Dougan*, we concluded that the district court had abused its discretion by granting the respondents' motion to dismiss even though the appellant had failed to timely file a case conference report under NRCP 16.1(e)(2).[9] In that "unique" case, the respondent companies had been granted an open extension of time to file their answers to the appellant's complaint; because the answers were properly filed well past the early case conference deadline, we noted it would have been "fruitless" to nonetheless proceed

---

[6]*City of Sparks v. District Court*, 112 Nev. 952, 955, 920 P.2d 1014, 1016 (1996).

[7]*Cf. Tarango v. SIIS*, 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) (noting that, when used in a statute, "may" is permissive unless the statute demands a different interpretation to carry out the Legislature's intent); *see also* SCR 2(9) (providing that, in Supreme Court Rules, " 'may' is permissive").

[8]108 Nev. 517, 835 P.2d 795.

[9]*Id.* at 523, 835 P.2d at 799.

with the early case conference to discuss matters not yet at issue.[10] We also observed that the respondents had not demonstrated that they suffered prejudice from the appellant's delay in filing the case conference report, which only occurred because the appellant accommodated their requests for extensions of time.[11] While we commended the district courts for being vigilant in "promoting reasonable diligence on the part of counsel," we also noted that "occasionally an overly strict application of a rule—especially when coupled with ultimate sanctions—will defeat the very ends of justice that the rules are designed to promote."[12]

The Arnolds' reliance on *Dougan*, a case of "unique circumstances," is misplaced. As an initial matter, the record suggests that Dr. Kip never requested the kind of open time extensions seen in *Dougan*. More importantly, however, our holding in *Dougan* was limited to the particular circumstances therein, and it was not intended to require that the defendant show prejudice for the district court to dismiss an action under NRCP 16.1(e)(2). To the extent that *Dougan* suggests otherwise, we now clarify that, generally, the party moving for dismissal under NRCP 16.1(e)(2) is not required to demonstrate prejudice, and the district court is not required to consider whether the defendant has suffered prejudice because of the delay in the filing of the case conference report. Nothing in the language of NRCP 16.1(e)(2)—either the earlier version or the current version—requires the defendant to demonstrate prejudice or the district court to determine whether the defendant has suffered prejudice as a condition to granting a dismissal without prejudice. To hold otherwise would largely eviscerate the rule because it would allow plaintiffs to exceed the deadline for filing a case conference report as long as the defendant could not demonstrate prejudice.

The decision to dismiss an action without prejudice for a plaintiff's failure to comply with the timing requirements of NRCP 16.1(e)(2) remains within the district court's discretion. NRCP 16.1(e)(2) was adopted to promote the prosecution of litigation within adequate timelines, and it permits sanctions to ensure compliance with specific deadlines.[13] Therefore, the factors to be considered by the district court in dismissing an action under NRCP 16.1(e)(2) should be those that relate to the purpose of the rule. A nonexhaustive list of such factors includes the length of the delay, whether the defendant induced or caused the delay, whether the

[10]*Id.* at 522, 835 P.2d at 799.

[11]*Id.*

[12]*Id.* at 523, 835 P.2d at 799.

[13]*See Dougan*, 108 Nev. at 523, 835 P.2d at 799.

delay has otherwise impeded the timely prosecution of the case, general considerations of case management such as compliance with any case scheduling order or the existence or postponement of any trial date, or whether the plaintiff has provided good cause for the delay. Going further, just as the defendant is not required to demonstrate prejudice resulting from the delay, neither is the district court required to consider the plaintiff's inability to pursue his claim after an NRCP 16.1(e)(2) dismissal because the statute of limitations may expire. The district court's consideration of a motion to dismiss without prejudice should address factors that promote the purpose of the rule, rather than factors that focus on the consequences to the plaintiff resulting from his or her failure to comply with the rule.

*Motion for reconsideration*

In their district court motion for reconsideration and in their opening brief in this appeal, the Arnolds argue that the district court applied an incorrect standard in allowing dismissal as a sanction and that it should have applied certain factors in deciding whether dismissal was appropriate. District Court Rule (DCR) 13(7) provides that a motion for reconsideration or rehearing may be made with leave of the court. Washoe District Court Rule 12(8) incorporates DCR 13(7) and sets forth deadlines for seeking reconsideration. Here, it appears that the district court elected to entertain the Arnolds' motion for reconsideration and denied it upon its merits.

Our prior case law is unclear concerning whether arguments made for the first time on reconsideration are properly considered on appeal from the final judgment. For example, in *Las Vegas Police Protective Ass'n v. District Court*,[14] we considered such arguments without discussion. In *Rico v. Rodriguez*,[15] we noted that these types of arguments are properly considered if they are properly part of the record on appeal. Two cases, *Ross v. Carson Construction*[16] and *NOLM, LLC v. County of Clark*,[17] state that this court "need not," but may, consider such arguments; in *Ross* we elected to address them, while in *NOLM* we declined to do so.

Here, the district court's order denying reconsideration was entered before the Arnolds' notice of appeal from the final judgment was filed, and so the reconsideration motion and order are properly

[14]122 Nev. 230, 236-38, 130 P.3d 182, 187-88 (2006).

[15]121 Nev. 695, 700 n.1, 120 P.3d 812, 815-16 n.1 (2005).

[16]106 Nev. 885, 887, 803 P.2d 657, 658 (1990).

[17]120 Nev. 736, 745, 100 P.3d 658, 664 (2004).

part of the record on appeal. Also, while an order denying reconsideration is not appealable and does not toll the time for filing a notice of appeal from the final judgment,[18] the Arnolds' notice of appeal was timely filed under NRAP 4(a)(1), since it was filed within thirty days after notice of the dismissal order's entry was served.[19] We conclude that if the reconsideration order and motion are properly part of the record on appeal from the final judgment, and if the district court elected to entertain the motion on its merits, then we may consider the arguments asserted in the reconsideration motion in deciding an appeal from the final judgment.[20] Accordingly, we proceed to the arguments that the Arnolds raised in their motion for reconsideration.

The Arnolds' arguments rest on their underlying assertion that because the statute of limitations on their claims has already expired, the district court's grant of dismissal without prejudice is effectively a grant of dismissal with prejudice.[21] In *Young v. Johnny Ribeiro Building*,[22] we recognized that while discovery sanctions are normally reviewed for an abuse of discretion, a heightened standard of review should apply when the sanction is dismissal with prejudice. We also identified a nonexhaustive set of factors that the district court may consider before imposing dismissal with prejudice as a sanction.[23]

*Young*, however, is inapplicable to the present case. First, the sanctions in *Young* were imposed under NRCP 37,[24] which concerns a party's failure to make disclosures or cooperate in discovery. Second, *Young* involved an actual order of dismissal with

[18]*Alvis v. State, Gaming Control Bd.*, 99 Nev. 184, 660 P.2d 980 (1983).

[19]*See* NRAP 3A(b)(1) (permitting an appeal from the final judgment).

[20]After the Arnolds filed their opening brief, in which they raised issues regarding the district court's denial of their motion for reconsideration, Dr. Kip moved this court to strike it, arguing that the district court's order denying the Arnolds' motion for reconsideration was not appealable under NRAP 3A. This court issued an order stating that the district court's order denying reconsideration was not substantively appealable, that we lacked jurisdiction to consider the district court's order, and that any portion of the Arnolds' appeal concerning that order was thereby dismissed. To the extent that our order differs from this opinion, it was incorrect.

Relying on our order, the Arnolds submitted an amended opening brief and appendix. In their amended opening brief, the Arnolds reiterate the arguments they made in their motion for reconsideration, without substantively addressing that motion, as part of their appeal from the order granting Dr. Kip's motion to dismiss.

[21]The record is unclear as to when exactly the Arnolds' claims began to accrue, so we cannot state with certainty whether the statute of limitations has expired.

[22]106 Nev. 88, 92, 787 P.2d 777, 779 (1990).

[23]*Id.* at 93, 787 P.2d at 780.

[24]*Id.* at 92, 787 P.2d at 779 (noting that NRCP 37(b)(2) supported the district court's judgment of sanctions).

prejudice.[25] When deciding upon a motion to dismiss without prejudice under NRCP 16.1(e)(2), the district court is not obligated to consider the effect of the statute of limitations on the underlying claim. Accordingly, and because NRCP 16.1(e)(2) vests the district court with the discretion to dismiss an action without prejudice, we will not require the district court to examine the *Young* factors when exercising its discretion under this rule.

## CONCLUSION

In determining whether to dismiss an action under NRCP 16.1(e)(2) for a plaintiff's failure to timely file a case conference report, the defendant is not generally required to demonstrate prejudice and the district court is not required to determine whether the defendant has suffered prejudice because of the delay in filing. The district court should instead consider factors that focus on the purpose of the rule, which promotes the timely prosecution of litigation. Further, a district court considering a motion to dismiss under NRCP 16.1(e)(2) is not required to apply a heightened standard of review or to assess the factors discussed in *Young* for dismissal with prejudice as a discovery sanction, since a dismissal under NRCP 16.1(e)(2) is without prejudice.

We conclude that, in this case, the district court did not abuse its discretion by dismissing the underlying action after the Arnolds failed to offer any reasonable explanation for the untimely filing of their case conference report. Accordingly, we affirm the district court's order dismissing the Arnolds' action.

MAUPIN, C. J., GIBBONS, PARRAGUIRRE, DOUGLAS, CHERRY and SAITTA, JJ., concur.

---

[25]*Id.* at 91, 787 P.2d at 778.