An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD W. COLLINS,
Appellant,
vs.
NEVADA DEPARTMENT OF
CORRECTIONS; DR. BANNISTER;
AND HOWARD SKOLNIK,
Respondents.

No. 59593

**FILED**

MAR 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal challenging a district court order granting a motion to dismiss in a civil rights action. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

The district court dismissed without prejudice appellant's case for failure to comply with NRCP 16.1(e)'s requirements that a plaintiff conduct and report on an early case conference. See NRCP 16.1(e)(1) (permitting the district court to dismiss a plaintiff's case if the plaintiff fails to conduct a case conference within 180 days of a defendant's first appearance); NRCP 16.1(e)(2) (permitting the district court to dismiss a plaintiff's case if the plaintiff fails to file a case conference report within 240 days of a defendant's first appearance). We review such dismissals for

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07860

an abuse of discretion. <u>Arnold v. Kip</u>, 123 Nev. 410, 414, 168 P.3d 1050, 1052 (2007).

On appeal, appellant contends that he complied with both of NRCP 16.1(e)'s requirements. Specifically, he contends that a July 15, 2010, phone conversation with respondents' counsel constituted the case conference and that a June 18, 2010, filing with the district court constituted his case conference report. As the district court pointed out, however, appellant's June 18 filing preceded the purported July 15 conference, which made it impossible for the June 18 filing to satisfy the requirements of a case conference "report." <u>See</u> NRCP 16.1(c) (requiring a case conference report to summarize what was discussed at the case conference).

Moreover, even accepting appellant's above-described argument, the district court properly determined that appellant had failed to comply with NRCP 16.1(e)'s timing requirements.[1] A review of the district court's order demonstrates that it considered the required factors in determining that dismissal was warranted, <u>see</u> <u>Arnold</u>, 123 Nev. at 415-16, 168 P.3d at 1053 (listing relevant factors), and we perceive no abuse of

_____

[1]Specifically, even if the July 15, 2010, phone call were considered to be a case conference, it took place more than 300 days after respondents' first appearance in August 2009. <u>See</u> NRCP 16.1(e)(1) (permitting dismissal when a case conference is not held within 180 days of a defendant's first appearance). Likewise, even if appellant's June 18, 2010, filing were considered to be a case conference report, it was filed nearly 300 days after respondents' first appearance. <u>See</u> NRCP 16.1(e)(2) (permitting dismissal when a case conference report is not filed within 240 days of a defendant's first appearance).

 

discretion in the district court's decision. <u>Id.</u> at 414, 168 P.3d at 1052. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:　Seventh Judicial District Court Dept. 2
　　Ronald W. Collins
　　Attorney General/Carson City
　　White Pine County Clerk

---

[2]Appellant also challenges a prior order in which the district court denied appellant's motion for summary judgment. This motion was properly denied, as a genuine factual dispute existed with regard to whether appellant's due process rights had been violated. <u>Wood v. Safeway, Inc.</u>, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (indicating that summary judgment is appropriate only when "no genuine issue as to any material fact [remains] and . . . the moving party is entitled to a judgment as a matter of law" (quotation omitted)).