An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES DORNBACH; AND JAKE HUBER,
Petitioners,
vs.
THE TENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CHURCHILL; AND THE HONORABLE THOMAS L. STOCKARD, DISTRICT JUDGE,
Respondents,
   and
LARRY PORTER AND CINDIE PORTER, HUSBAND AND WIFE, LARRY PORTER AND CINDIE PORTER, TRUSTEES OF THE LAWRENCE E. "BUDDY" PORTER TRUST; EHE, LP; TRI INDUSTRIES; ERNEST WEST SUCCESSOR TRUSTEE OF THE ROY AND ERNESTINE TRUST; AUGUST GRUELICH, SANDRA JEAN TAYLER, AND JOHN WITTRIG, SUCCESSOR TRUSTEES OF THE DONALD JAMES TYLER TRUST 1992 FAMILY TRUST; JAMES R. ATKINS AND MARY LYNN ATKINS, TRUSTEES UNDER THE JAMES AND MARY LYNN ATKINS FAMILY TRUST; JURGEN SCHLICHER; JERALD L. GOEHRING, TRUSTEE OF THE JERALD L. GOEHRING TRUST; DONALD L. DAVID AND IRMA DAVIS, AS TRUSTEES OF THE DAVID FAMILY TRUST; RICH WISHON AND

No. 62772

**FILED**

MAY 0 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

14-14906

DEBORAH WISHON, HUSBAND AND WIFE; LAWRENCE L. LEACH AND DRISTA EL. LEACH, HUSBAND AND WIFE; JUSTO JAIMERENA AND MARIA JAIMERENA, HUSBAND AND WIFE; MICHAEL HAYES AND GERTRUDE HAYES, TRUSTEES OF THE HAYES FAMILY TRUST; ELMER A. HANSEN, TRUSTEE OF THE ELMER A. HANSEN REVOCABLE TRUST; DONALD MCMURTREY; PAUL THOMAS BRUNELLE AND SUSAN GAYLENE BRUNELLE, TRUSTEES OF THE BRUNELLE FAMILY TRUST; JOHN FISHER AND JOCELYN FISHER, HUSBAND AND WIFE; CONRAD CHARLES MARCIONE, JR., AND SUZANNE LYNNE MARCIONE, TRUSTEES OF THE RESTATEMENT AND AMENDMENT OF DECLARATION OF MARCIONE FAMILY REVOCABLE TRUST; TROY D. GRIGGS AND MARTHA A. GRIGGS, HUSBAND AND WIFE; KERMIT M. KROYER, TRUSTEE OF THE KM KROYER TRUST; MARIA E. BOONE, TRUSTEE OF THE 2003 BOONE FAMILY TRUST; PEGGY PARKER; GEORGE B. SCHENCK; LAURIE HENNESSEY; LAUREN HAYES; ROBERT BETTENCOURT AND PAMELA BETTENCOURT, HUSBAND AND WIFE; SYDNEY QUINN; AND DEBORAH L. AMES AND ANTHONY HAYES AND CONSTANCE HAYES TRUSTEES OF THE HAYES FAMILY TRUST,

Real Parties in Interest.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a complaint.

Real parties in interest (collectively, Porter) filed a complaint seeking a deficiency judgment against petitioners Charles Dornbach and Jake Huber (collectively, Dornbach). Dornbach appeared by filing a motion to dismiss the complaint pursuant to NRCP 12(b)(5). Due to the passing of Churchill County's only sitting district court judge and related delays in the district court, this motion was not addressed for approximately eleven months. While this motion was pending, Dornbach did not file an answer to the complaint. Dornbach eventually filed a separate motion to dismiss the complaint due to Porter's failure to comply with NRCP 16.1(e), which requires a plaintiff to hold a case conference and file a case conference report within specific deadlines. The district court denied the motion, explaining that the death of the judge and the resulting delays constituted extraordinary circumstances excusing Porter's delay and justifying extending the time to comply with NRCP 16.1(e). Dornbach then petitioned this court for a writ of mandamus to compel the district court to dismiss the complaint.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station[,] or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. It is within this court's discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioners bear

the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

NRCP 16.1(e) provides that a district court may dismiss a case without prejudice if a plaintiff fails to hold an early case conference within 180 days of a defendant's appearance or file a case conference report within 240 days of a defendant's appearance.[1] NRCP 16.1(e)(1)-(2). We review a district court's decision on a motion to dismiss due to failure to comply with NRCP 16.1(e) deadlines for an abuse of discretion. *Arnold v. Kip*, 123 Nev. 410, 415, 168 P.3d 1050, 1053 (2007). When deciding such motions, district courts should consider factors such as "the length of the delay, . . . whether the delay has otherwise impeded the timely prosecution of the case, [and] general considerations of case management." *Id.* at 415-16, 168 P.3d at 1053.

Here, the district court explicitly found that the substantial delays resulting from the judge's death constituted extraordinary circumstances justifying extending the NRCP 16.1(e) deadlines. The record does not refute this finding, and we conclude that the district court did not abuse its discretion by considering the court's internal delays when denying Dornbach's motion to dismiss and extending the NRCP 16.1(e) deadlines. *See id.* Having considered the petition, answer, reply, and

---

[1]As an alternative basis on which to deny the petition, Porter argues that the deadlines set forth in NRCP 16.1(e) do not begin to run until a defendant files an answer, and therefore they had not expired when Dornbach moved to dismiss the complaint. Because the deadlines set forth in NRCP 16.1(e)(1) and (2) clearly begin to run upon "an appearance by a defendant," we reject this argument.

appendix filed in this matter, we conclude that Dornbach has not demonstrated that our intervention by way of extraordinary relief is warranted. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Hon. Thomas L. Stockard, District Judge
Robison Belaustegui Sharp & Low
Jeffrey K. Rahbeck
Churchill County Clerk