An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY HILL; AQUA VERDE
INVESTMENT GROUP, LLC; AND
NAPLES INVESTMENTS FAMILY
LIMITED PARTNERSHIP,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
    and
ERNEST BLICKLE AND ELLY R.
BLICKLE, HUSBAND AND WIFE; EHE,
LP, A NEVADA LIMITED
PARTNERSHIP; JEWEL LEWIS,
TRUSTEE OF THE JEWEL LEWIS
TRUST; K.M. KROYER, TRUSTEE OF
THE K.M. KROYER TRUST; AND
JOSEPH S. LOUDEN,
Real Parties in Interest.

No. 62713

**FILED**

MAY 0 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a complaint.

Ernest Blickle and other real parties in interest (collectively, Blickle) filed a complaint seeking a deficiency judgment against petitioners Gary Hill, Aqua Verde Investment Group, LLC, and Naples Investments Family Limited Partnership (collectively, Hill). Hill appeared by filing alternative motions to dismiss the complaint pursuant to NRCP 12(b)(5) or for summary judgment. These motions were eventually denied.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-14941

Approximately ten months after Blickle filed the complaint, Hill filed an answer to the complaint. After Hill answered, Blickle sought to arrange an early case conference pursuant to NRCP 16.1(b). Shortly thereafter, Hill filed a motion to dismiss the complaint due to Blickle's failure to comply with the timelines set forth in NRCP 16.1(e). The district court noted that a plaintiff bears the burden of holding a case conference, but denied the motion to dismiss and ordered the parties to comply with NRCP 16.1's conference and reporting requirements. Hill then petitioned this court for a writ of mandamus to compel the district court to dismiss the complaint, arguing that the district court abused its discretion by denying the motion to dismiss.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station[,] or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. It is within this court's discretion to determine whether to consider a writ petition. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

NRCP 16.1(b)(1) requires a plaintiff to hold an early case conference at which the parties must "confer and consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case." The parties must then file a report regarding the conference in the district court. NRCP 16.1(c). A district court may dismiss a case without prejudice if a plaintiff fails to hold an early case conference within 180 days of a defendant's appearance "unless there are compelling and extraordinary circumstances," or if a plaintiff fails to file a

case conference report within 240 days of a defendant's appearance.[1]  NRCP 16.1(e)(1)-(2).

We review a district court's decision on a motion to dismiss due to failure to comply with NRCP 16.1(e) deadlines for an abuse of discretion. *Arnold v. Kip*, 123 Nev. 410, 415, 168 P.3d 1050, 1053 (2007).  When deciding such motions, district courts should consider factors such as "the length of the delay, . . . whether the delay has otherwise impeded the timely prosecution of the case, [and] general considerations of case management."  *Id.* at 415-16, 168 P.3d at 1053.  We have also recognized that, where a defendant has not yet filed an answer to a complaint, holding the NRCP 16.1 conference may be "fruitless."  *Dougan v. Gustaveson*, 108 Nev. 517, 522, 835 P.2d 795, 799 (1992), *abrogated on other grounds by Arnold*, 123 Nev. at 415, 168 P.3d at 1053.

Hill argues that the district court abused its discretion because it did not find that compelling and extraordinary circumstances justified Blickle's delay.  However, such a finding is not required for a district court to deny a motion to dismiss pursuant to NRCP 16.1(e).  Rather, such a finding would have barred the district court from dismissing the case, but the absence of such a finding does not mandate dismissal.  *See* NRCP 16.1(e)(1).

The NRCP 16.1(e) deadlines expired before Hill filed an answer to the complaint, and holding the conference before then may have been fruitless.  *See Dougan*, 108 Nev. at 522, 835 P.2d at 799.  It may have been entirely reasonable for Blickle to want to wait until an answer was filed in

---

[1]As an alternative basis on which to deny the petition, Blickle argues that the deadlines set forth in NRCP 16.1(e) do not begin to run until a defendant files an answer, and therefore, they had not expired when Hill moved to dismiss the complaint pursuant to NRCP 16.1(e).  Because the deadlines set forth in NRCP 16.1(e)(1) and (2) clearly begin to run upon "an appearance by a defendant," we reject this argument.

order to make the conference more productive. *See id.*; NRCP 16.1(b)(1) (requiring the parties to "confer and consider the nature and basis of their claims and defenses"). Moreover, the majority of the delay occurred while Hill's NRCP 12(b)(5) motion was pending, and Blickle sought to arrange the conference shortly after the answer was filed. Therefore, it does not appear that "the delay has otherwise impeded the timely prosecution of the case," or that "general considerations of case management" mandate dismissal. *Arnold*, 123 Nev. at 415-16, 168 P.3d at 1053. We therefore cannot conclude that the district court abused its discretion by denying Hill's motion to dismiss.[2]

Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                                Hardesty

_____, J.          _____, J.
Parraguirre                                           Douglas

_____, J.          _____, J.
Cherry                                                   Saitta

[2]Hill also argues that the district court abused its discretion by ordering the parties to meet and confer because the deadline for the conference may not be extended beyond 180 days after a defendant's appearance "[a]bsent compelling and extraordinary circumstances." NRCP 16.1(b)(1). However, we have recognized "the inherent power of the judiciary to economically and fairly manage litigation," *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1029, 102 P.3d 600, 606 (2004), and ordering parties to meet and confer falls within this inherent authority. Accordingly, we conclude that the district court did not abuse its discretion by taking this step to manage the case.

cc: Hon. Patrick Flanagan, District Judge
Robison Belaustegui Sharp & Low
Jeffrey K. Rahbeck
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A