An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES R. LAFRIEDA; AND ELLEN A.
LAFRIEDA,
Appellants,
vs.
BLACK EAGLE CONSULTING, INC.,
Respondent.

No. 62284

**FILED**

JUL 3 0 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from district court orders granting summary judgment and awarding attorney fees, costs, and interest in consolidated construction defect actions. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellants James and Ellen LaFrieda purchased a new home. Respondent Black Eagle Consulting (BEC) was involved in the design and construction of the LaFriedas' concrete slab-on-grade floor. The LaFriedas' floor developed cracks and, in 2008, the LaFriedas filed a complaint alleging professional negligence and negligent misrepresentation claims and naming BEC as a defendant. In 2011, BEC moved for summary judgment, based on a letter written by the LaFriedas' counsel at the time stating that the retained experts found no basis for concluding that BEC was liable. The LaFriedas moved to exclude the letter and moved for additional time for discovery pursuant to NRCP 56(f). The district court denied these motions and granted BEC's motions for summary judgment, attorney fees, costs, and prejudgment interest. The LaFriedas appealed.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary

judgment is appropriate if the pleadings and other evidence, when viewed in the light most favorable to the nonmoving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; NRCP 56(c).

A complaint against a design professional in a construction defect case must be filed with an attorney's affidavit stating that the attorney has reviewed the facts of the case, discussed the case with an expert, and concluded that the action has a reasonable basis in fact and law. NRS 40.6884(1). In addition, an expert's report indicating that there is a reasonable basis for the action must also accompany the complaint. NRS 40.6884(3).

Here, the LaFriedas' original attorney filed an attorney's affidavit and an expert's report with the LaFriedas' complaint in 2008. The LaFriedas' case was later consolidated with other similar cases and different counsel represented the consolidated plaintiffs. In 2011, counsel for the consolidated plaintiffs (previous counsel)[1] moved to withdraw. Previous counsel sent a letter to another attorney who was considering representing the consolidated plaintiffs for the purpose of opposing the motion to withdraw (withdrawal counsel). In the letter, previous counsel admitted that the experts found no reasonable basis for the action against BEC and made various assertions regarding her management of the consolidated plaintiffs' case. Withdrawal counsel submitted this letter to the district court in support of the opposition to the motion to withdraw. Based on the letter, BEC moved for summary judgment. In the opposition to BEC's motion for summary judgment, previous counsel made further

---

[1]The LaFriedas are represented by a different attorney on appeal.

admissions that the experts could not conclude that BEC was liable. The expert's report never mentioned BEC, and previous counsel's admissions indicate that the report was not intended to refer to BEC. Based on previous counsel's admissions, the district court concluded that the attorney's affidavit and expert's report filed with the LaFriedas' complaint were faulty and could not be relied upon to maintain the action. *See* NRS 40.6884(1), (3). Therefore, the district court granted BEC's motion for summary judgment, and the LaFriedas appealed.

First, the LaFriedas argue that previous counsel's letter was protected by the attorney-client privilege. We assume, without deciding, that the letter referenced privileged communications between previous counsel and the experts, and that the letter was itself a privileged communication between previous counsel and withdrawal counsel. *See* NRS 49.095. Although the client is the holder of the attorney-client privilege, *see* NRS 49.105; *Fink v. Oshins*, 118 Nev. 428, 435, 49 P.3d 640, 645 (2002), an attorney has authority to make admissions of fact that bind the client. *Gottwals v. Rencher*, 60 Nev. 35, 52, 98 P.2d 481, 484 (1940). This authority necessarily includes the authority to disclose some privileged communications, unless the attorney acts in bad faith. *Sprader v. Mueller*, 121 N.W.2d 176, 180 (Minn. 1963); *see also* Edward J. Imwinkelried, *The New Wigmore: A Treatise on Evidence: Evidentiary Privileges* § 6.12.3 (2d ed. 2010) ("Absent contrary instructions from the client, the attorney has extensive implied authority for disclosures related to litigation."). There is no evidence that withdrawal counsel disclosed the letter in bad faith, and the record indicates that withdrawal counsel provided the letter in order to demonstrate that the consolidated plaintiffs needed more time to retain new counsel. Accordingly, we conclude that

withdrawal counsel acted within the scope of his authority by disclosing previous counsel's letter, and the LaFriedas are bound by this waiver of any attorney-client privilege that may have protected the letter. *See Sprader*, 121 N.W.2d at 180. The district court thus properly refused to exclude the letter.

Next, the LaFriedas argue that the district court misconstrued the letter by adopting BEC's interpretation of the letter. Before the district court, previous counsel described the letter as her candid views on the case against BEC and admitted that she learned shortly before writing the letter that the experts could not conclude that BEC was liable, but never argued that the letter was not intended to apply to the LaFriedas. Because the LaFriedas make this argument for the first time on appeal, it is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

The LaFriedas further argue that if the district court did not err by considering the letter, summary judgment was nevertheless improper. However, BEC showed an absence of evidence of its liability using the letter and counsel's additional admissions. Therefore, the LaFriedas bore the burden of coming forward with evidence to show that a genuine issue of material fact existed as to BEC's liability. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007). However, the LaFriedas did not produce any evidence contradicting counsel's admissions. Accordingly, the district court did not err by granting BEC's motion for summary judgment.

The LaFriedas also argue that the district court abused its discretion by denying their request for additional discovery under NRCP 56(f). Although discovery was stayed pending mediation, the record reflects that the LaFriedas received substantial information regarding BEC's work on their home, including admissions that BEC performed on-call inspection services at the LaFriedas' home. While the information that BEC provided may have been incomplete or confusing, the LaFriedas failed to show that additional discovery would enable their experts to conclude that BEC was liable, and thus they failed to show that additional discovery would create a genuine issue of material fact. Accordingly, the district court did not abuse its discretion by denying the LaFriedas' request for additional discovery. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. ___, ___, 262 P.3d 705, 714 (2011).

Alternatively, the LaFriedas argue that the district court erred by granting summary judgment on their negligent misrepresentation claim because this claim was not subject to the requirements of NRS 40.6884. NRS 40.6884 applies to all claims that arise "as the result of a constructional defect, except a claim for personal injury or wrongful death." NRS 40.635(1). We have previously interpreted similar statutory language in the context of nonresidential construction defect statutes to include negligent misrepresentation claims. *See In re CityCenter Constr. & Lien Master Litig.*, 129 Nev. ___, ___, 310 P.3d 574, 578-79 (2013) (interpreting NRS 11.2565(1)(b)). Accordingly, we construe NRS 40.635(1) broadly and conclude that the LaFriedas' negligent misrepresentation claim against BEC was subject to NRS 40.6884 because this claim arose out of BEC's role in the construction and later inspection of the LaFriedas' home. Therefore, because the LaFriedas'

SUPREME COURT
OF
NEVADA

(O) 1947A

5

experts found no basis for BEC's liability on any claim and the LaFriedas did not present any evidence showing a genuine issue of material fact relative to their negligent misrepresentation claim, the district court did not err by granting summary judgment as to all of the LaFriedas' claims.[2]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[2]The LaFriedas argue that the district court abused its discretion by awarding BEC attorney fees and costs because summary judgment was improper. Given our conclusion that summary judgment was proper, we reject this argument. The LaFriedas also challenge the district court's calculation of prejudgment interest. The LaFriedas raised this argument for the first time in a motion for reconsideration before the district court, but this motion was never submitted for decision. Thus, we decline to address this argument. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (stating that this court may consider arguments raised for the first time in a motion for reconsideration before the district court when the motion and an order considering its merits are properly in the record on appeal).

Finally, while we affirm the district court's judgment, we note that the LaFriedas' remedy, if any, is against previous counsel rather than BEC.

cc: Hon. Connie J. Steinheimer, District Judge
   Margaret M. Crowley, Settlement Judge
   Law Office of James Shields Beasley
   Fahrendorf, Viloria, Oliphant & Oster, LLP
   Washoe District Court Clerk