An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW MCGAURAN, P.A.; AND
JORGENSON & KOLKA, LLP, A
NEVADA LIMITED LIABILITY
PARTNERSHIP D/B/A ADVANCED
URGENT CARE AND NIGHTLIGHT
PEDIATRICS,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
and
NICOLO BAUDO,
Real Party in Interest.

No. 65625

FILED

SEP 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

### *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss a complaint under NRCP 16.1(e).

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Petitioners bear the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30502

burden of establishing that relief is warranted. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Petitioners argue that the district court was compelled to grant their motion for dismissal on the ground of real party in interest's noncompliance with the mandatory early case conference meeting and report under NRCP 16.1. Petitioners further argue that the district court abused its discretion in failing to consider the factors set out in *Arnold v. Kip,* 123 Nev. 410, 168 P.3d 1050 (2007), in ruling on their motion.

Here, the district court explicitly found that extraordinary circumstances existed to compel the extension of the NRCP 16.1 deadlines. *See* NRCP 16.1(b) (providing that dismissal is not appropriate where extraordinary circumstances warrant extending the applicable deadline). In finding that extraordinary circumstances warranted extending the deadlines for conducting and reporting on an early case conference, we conclude that the district court satisfied *Arnold's* requirement of considering factors related to the purpose of the rule. *See Arnold,* 123 Nev. at 415-16, 168 P.3d at 1053 (providing a nonexhaustive list of factors); *Dornbach v. Tenth Judicial Dist. Ct.,* 130 Nev. ___, ___, 324 P.3d 369, 373 (2014) (recognizing that a district court can properly exercise its discretion in ruling on an NRCP 16.1(e) motion even if it does not expressly enumerate the *Arnold* factors). Further, the district court noted the basic policy of deciding cases on their merits, which this court recognizes as a guide to the proper exercise of discretion. *Dornbach,* 130 Nev. at ___, 324 P.3d at 373.

As the district court entered findings in support of its order denying petitioners' motion to dismiss and ruled in accordance with the purpose of the rule and the general policy favoring adjudication on the

merits, we conclude that the district court did not exercise its discretion arbitrarily or capriciously and that petitioners have not demonstrated that extraordinary relief is warranted. *See* NRAP 21(b)(1); *Dornbach*, 130 Nev. at ___, 324 P.3d at 374; *Pan*, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Jerry A. Wiese, District Judge
     Mandelbaum, Ellerton & McBride
     E. Brent Bryson
     Eighth District Court Clerk