# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL BLYVEIS,
Appellant,
vs.
LYON COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 71119

FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to stay arbitration. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

After respondent terminated appellant's employment, appellant filed a grievance arguing that he was terminated without cause under respondent's collective bargaining agreement (CBA) with the Lyon County Sheriff's Employee Association. Article 12(2)(a) of the CBA provided that "any dispute which involves the interpretation, application or compliance with the [CBA]" shall be addressed through the grievance process, including arbitration. Respondent filed a motion to stay arbitration, contending that appellant was not entitled to remedies under the CBA because he was a probationary employee who may be terminated at will. Appellant contended that although the CBA's hiring policy provided that new employees are probationary for 18 months, he was subject to a 12-month probationary period under the CBA's compensation

17-23002

policy since he was hired as a step-1 employee. Because he had already completed 12 months of employment before being terminated, appellant argued that he was entitled to arbitration through the CBA's grievance process. The district court granted the motion to stay arbitration, finding that an 18-month probationary period applied, and that the dispute over appellant's termination was thus not arbitrable.

Although the CBA is clear that respondent may terminate probationary employees without cause, the CBA is likewise clear that the arbitration grievance process applies to disputes involving the interpretation and application of the CBA. To resolve the parties' dispute over whether appellant had moved beyond probationary status at the time of his termination and thus had rights under the CBA, the various CBA provisions must be interpreted, which is a task that the CBA assigns to an arbitrator in article 12(2)(a). Therefore, the district court erred in granting respondent's motion to stay arbitration. *Clark Cty. Pub. Emps. Ass'n v. Pearson*, 106 Nev. 587, 590, 798 P.2d 136, 137 (1990) (reviewing de novo an order staying arbitration); *Int'l Ass'n of Firefighters v. City of Las Vegas*, 104 Nev. 615, 620, 764 P.2d 478, 481 (1988) ("Courts should order arbitration of particular grievances 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting *AT & T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986))); *see also Arnold v. Kip*, 123 Nev. 410, 416-17, 168 P.3d 1050, 1054 (2007) (holding that this

court may consider the arguments made in a motion for reconsideration if the motion and the order resolving it are a part of the record on appeal). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to enter an order denying respondent's motion to stay arbitration.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Leon Aberasturi, District Judge
        Laurie A. Yott, Settlement Judge
        Michael E. Langton
        Allison MacKenzie, Ltd.
        Third District Court Clerk