# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-6,
Appellant,
vs.
HILLSBORO HEIGHTS HOA, A DOMESTIC NON-PROFIT CORPORATION,
Respondent.

No. 71188

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

In granting summary judgment, the district court determined that the recitals in respondent's deed were conclusive proof that the HOA foreclosure sale extinguished appellant's deed of trust. That determination

17-44293

is inconsistent with our opinion in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1112-16 (2016), which held that courts retain equitable authority to set aside a foreclosure sale when the sale is affected by "fraud, unfairness, or oppression."[1] Accordingly, we conclude that summary judgment may have been improper, as appellant should have been permitted to conduct discovery into whether the sale was affected by fraud, unfairness, or oppression.[2] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment and

---

[1]Contrary to appellant's assertions, this court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale; this court's decision in *Shadow Wood* did not change that rule. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, 405 P.3d 641 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale).

[2]While we recognize that appellant's NRCP 56(f) declaration did not expressly ask to conduct discovery on this issue, we conclude that a combined reading of appellant's declaration and its summary judgment opposition sufficiently requested discovery on this issue. *Cf. Nationstar Mortg.*, 133 Nev., Adv. Op. 91 at 10 n.7 (concluding that although the "commercial reasonableness" standard under U.C.C. Article 9 is inapplicable in the context of an HOA foreclosure sale of real property, that standard nevertheless bears some similarity to the "fraud, unfairness, or oppression" standard that is applicable to real property foreclosures).

recognizing that summary judgment is proper only when no genuine issues of material fact remain). Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. James Crockett, District Judge
     Janet Trost, Settlement Judge
     Ballard Spahr LLP
     The Wright Law Group
     Eighth District Court Clerk

---

[3]In light of this court's opinions in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), and *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017), appellant is not entitled to summary judgment. We decline appellant's invitation to overturn *Saticoy Bay*. Likewise, and to the extent that they are properly part of the record on appeal, we decline to consider in the first instance appellant's arguments regarding the automatic bankruptcy stay and the Uniform Fraudulent Transfer Act. *Cf. Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (observing that a district court has discretion in deciding to consider the merits of arguments made for the first time in a motion for reconsideration).